## In re PRIVETT.

### (District Court, E. D. North Carolina.   October 5, 1904.)

1. BANKRUPTCY—PROVABLE DEBT—CREDITOR RECEIVING PREFERENCE.

   Where it appears that a creditor who filed a claim against a bankrupt estate had received a preference, he has the option to surrender the preference or abandon his claim; but, if he retains the preference, he is not entitled to a dividend.

In Bankruptcy.   On review of order of referee.

Stewart & Godwin and J. C. Clifford, for bankrupt.
Godwin & Davis, for petitioning creditors.

PURNELL, District Judge.   The facts touching the contest in this matter seem to be as follows:   A few days before the bankruptcy proceedings, to wit, on the 17th of October, the wife of one McNiell received from her father $1,000, which McNiell borrowed on the same day and loaned it to Privett, together with $450 additional which belonged to McNiell.   A few days prior to the bankruptcy Privett repaid McNiell this amount, which is admitted to be a preference; McNiell being cognizant of Privett's financial condition.   McNiell repaid the $1,000 and interest to his wife, and deposited same to her credit, taking up the note he had given therefor.   He also deposited to his credit $105.19.   The wife was ignorant of the condition of Privett and the dealing between him and McNiell.   While these amounts were still on deposit, the restraining order was served.   Subsequently 25 per cent. dividend of deposits were paid by the receiver of the bank, which dividend is now held subject to the order of the court, locked up in the bank.   McNiell filed a claim in the bankruptcy proceedings for a priority debt, and it is now claimed that he had received a preferential payment of much more than his claim.

A good many questions were raised and argued, and on intimation of the court abandoned on the hearing.   The case has finally dwindled down to the question as to whether McNiell is entitled to a dividend after receiving a preferential payment.   Mrs. McNiell's claim to the 25 per cent. dividend is aliunde the bankruptcy proceedings.   McNiell, having received a preference, had the option to surrender his preference and file his claim, or stand on his preference and abandon his claim.   He cannot do both.

The ruling of the referee is therefore affirmed.

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 498.